**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

MARIA LEACH,

          Plaintiff,

-against-

THE CITY OF GENEVA, JACK MONTESANTO, BRET STEVE, NICHOLAS BIELOWICZ, JEFFREY TRICKLER, MIKE PASSALACQUA,

          Defendants.

CASE NO.: 22-CV-6315

**COMPLAINT**
**[JURY TRIAL DEMANDED]**

Plaintiff MARIA LEACH, by her attorneys, ROTH & ROTH, LLP and EASTON THOMPSON KASPAREK SHIFFRIN LLP, complaining of the defendants, respectfully allege as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action against the City of Geneva ("City") and the Geneva Police Department ("GPD") officers for falsely arresting and using excessive force against Plaintiff Maria Leach on July 23, 2019. Plaintiff seeks to recover money damages for Defendants' improper stop, seizure, use of excessive force, false arrest, fabrication of evidence, malicious prosecution, and other violations of her rights as secured by the Civil Rights Act, 42 U.S.C. § 1983, the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## II. PARTIES

2. Plaintiff, MARIA LEACH, is a citizen of the United States and a resident of the County of Ontario, State of New York.

3. Defendant CITY OF GENEVA ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police

department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the GPD.

4.  Defendants Geneva Police Department ("GPD") POLICE OFFICER ("P.O.") JACK MONTESANTO ("MONTESANTO ") P.O. BRET STEVE ("STEVE"), P.O. NICHOLAS BIELOWICZ ("BIELOWICZ") (collectively, "Defendant GPD Officers," individually, "Defendant GPD officer"), are and were at all times relevant herein, officers, employees and agents of the Defendant CITY and the GPD.

5.  The Defendant GPD Officers are being sued in their individual and official capacities.

6.  Defendant JEFFREY TRICKLER ("Chief TRICKLER " or "TRICKLER") is the former GPD Chief. TRICKLER was the GPD Chief from July 2011 to July 2018. At all relevant times, Defendant TRICKLER was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacity.

7.  Defendant MIKE PASSALACQUA ("Chief PASSALACQUA" or "PASSALACQUA") is the current GPD Chief. PASSALACQUA was the GPD Chief and was appointed in July 2018 after TRICKLER's retirement. At all relevant times, Defendant PASSALACQUA was acting within the scope of his employment and under color of state law. He is sued in his individual and official capacity.

8.  At all times relevant herein, TRICKLER and PASSALACQUA were responsible for the training, supervision and discipline of GDP officers, including the Defendant GDP Officers, under state law.

9. At all times relevant herein, the individual Defendant GPD officers were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the Defendant CITY, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the GPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the GPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the GPD.

10. The individual Defendant GPD officers' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

11. At all relevant times, the individual defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence in support and the authority of their offices to one another.

## III.  STATEMENT OF FACTS

**A.  The July 23, 2019 incidents at Ms. Leach's Home and at the Police Station.**

12. On July 23, 2019, at approximately 12:55 a.m., MONTESANTO and STEVE responded to Ms. Leach's home at 326 Main Street, Geneva, New York in response to a noise complaint by her neighbor.

13. When MONTESANTO and STEVE exited their vehicle, Ms. Leach and her friend were on her front porch listening to music.

14. STEVE ordered them to turn off the music or they would be arrested.

15. Ms. Leach and her friend immediately complied and turned down the music.

16. Nevertheless, STEVE seized and arrested Ms. Leach, without cause or justification.

17. In his arrest paperwork, STEVE claimed that he arrested Ms. Leach for Disorderly Conduct, PL 240.20 (2) and (3); however, the allegations in the paperwork were deficient to allege that Ms. Leach had committed any crime.

18. STEVE and MONTESANTO arrested Ms. Leach, placed handcuffs on her wrist in an unreasonably tight manner, and placed her in the back of a police vehicle.

19. Ms. Leach was then transported to the police station and placed on a bench in the intake area.

20. Eventually, STEVE and MONTESANTO entered the intake area, removed one of her handcuffs, and permitted her to adjust her dress.

21. MONTESANTO then handcuffed Ms. Leach's right hand to a pole next to the bench.

22. Ms. Leach was very upset, and was crying and yelling about how she had been mistreated and arrested for no reason.

23. At some point, the handcuff slipped off Ms. Leach's right hand.

24. MONTESANTO entered the cell to rehandcuff her.

25. Ms. Leach told MONTENSANTO, "you did not even read me my rights."

26. In response, MONTESANTO choked Ms. Leach without cause or justification.

27. STEVE then fabricated official police paperwork that falsely claimed Ms. Leach had assaulted MONTESANTO.

28. MONTESANTO completed a felony complaint that contained false and fabricated allegations claiming that Ms. Leach had assaulted him and charging her with Assault in the Second Decree, PL § 120.05(3).

29. Defendant Sergeant BIELOWICZ was the direct supervisor of both STEVE and MONTESANTO.

30. Upon information and belief, Sergeant BIELOWICZ directed MONTESANTO to levy a false charge of assault in the second degree against Ms. Leach.

31. BIELOWICZ reviewed and approved the false and fabricated paperwork completed by STEVE and MONTESANTO.

32. STEVE, MONTESANTO and/or BIELOWICZ then forwarded the fabricated police paperwork to the Ontario County Sheriff's Office to initiate the malicious prosecution of Ms. Leach for Disorderly Conduct, PL § 240.20 (2) and (3); and Felony Assault, PL 120.05(3).

33. Eventually, upon information and belief, the criminal prosecution of Ms. Leach concluded without a conviction.

34. During all the foregoing wrongful acts committed against Ms. Leach, not one of the Defendant GPD OFFICERS intervened on Plaintiff's behalf to prevent the violation of her constitutional rights, despite having realistic opportunities to do so.

B. **MONTESANTO's criminal prosecution and conviction.**

35. On July 31, 2019, MONTESANTO was arrested by the Ontario County Sheriff's Office and charged with Criminal Obstruction of Breathing, PL § 121.11.

36. On September 20-22, 2021, MONTESANTO was tried before a jury of three men and three women in Geneva City Court, in Ontario County.

37. On September 22, 2021, the jury returned a unanimous verdict convicting MONTESANTO of Criminal Obstruction of Breathing, PL § 121.11 for choking Ms. Leach.

C. **Deliberate Indifference of the City of Geneva and the Geneva Police Department to the widespread and longstanding use of excessive force by GPD officers.**

38. The City of Geneva and the Geneva police department are complicit in MONTESANTO's crime against Ms. Leach.

39. The long history of the City and GPD tolerating and encouraging their officers to use excessive force has been meticulously documented by the Geneva Believer. See, e.g., *Brutality, Racism And Misconduct: Geneva Police Department, 2009-2020*, Geneva Believer (June 26, 2020), https://genevabeliever.com/2020/06/26/gpd-history/. (article incorporated by reference herein).

40. Between 2005 and 2020, numerous officers were accused of excessive force in lawsuits and internal complaints. Upon information and belief, none of the accused officers were adequately disciplined following these incidents, which demonstrates the City's deliberate indifference:

    a) *Barlow v. Male Geneva Police Officer Who Arrested Me on January 2005, et al.*, 06-cv-6592 (W.D.N.Y.)

    b) *Soto v. Vine, et al*, 09-cv-06518 (W.D.N.Y.)

    c) *Lugo v. City of Geneva, et al.*, 11-cv-6179 (W.D.N.Y.)

    d) *Robinson v. City of Geneva, et al.*, 11-cv-0033 (WDNY)

    e) *McCoy v. Reale, et al.*, 11-cv-6539 (W.D.N.Y.)

    f) *Tolbert v. Geneva*, 12-cv-6352 (W.D.N.Y)

    g) *Livecchi v. Geneva et al.*, 14-cv-6326 (W.D.N.Y)

    h) *Burgos v. Grenier et al.*, 13-cv-6533 (W.D.N.Y)

    i) *Grady v. City of Geneva, et al.*, 17-cv-6814 (W.D.N.Y.)

    j) *Tracey v. City of Geneva*, 17-cv-6567 (W.D.N.Y.)

    k) *Farnsworth v. Geneva, et al.*, 20-cv-6935 (W.D.N.Y.)

41. Upon information and belief, the City and the GPD are aware of many other incidents where GPD officers have used excessive force against citizens in Geneva, but the City and GPD have failed to adequately supervise or discipline the involved officers.

42. Through the above-described incidents, the City and GPD have demonstrated their deliberate indifference to the longstanding and widespread problem of GPD officers using excessive force against citizens in Geneva, which has created a culture that tacitly encourages officers to use excessive force.

43. The City's deliberate indifference was the direct cause and the moving force of defendants' violation of Ms. Leach's rights on July 23, 2019.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**
**(Against the City)**

44. All preceding and subsequent paragraphs are incorporated by reference.

45. All of the aforementioned acts of the Defendant CITY, and the Defendant Police Officers and their agents, servants and employees ("Defendants"), were carried out under the color of state law.

46. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. To freedom from being subjected to false criminal charges by the police;

    d. To freedom from excessive force;

    e. To freedom from police fabricating evidence;

    f. To the right to a fair trial;

        g.    To freedom from abuse of process; and

        h.    To freedom of speech and expression.

47. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

48. The acts complained of were carried out by the aforementioned individual defendants in their capacities as Police Officers with all of the actual and/or apparent authority attendant thereto.

49. The acts complained of were carried out by the aforementioned individual defendants in their capacities as Police Officers, pursuant to the customs, usages, practices, procedures, and the rules of Defendant CITY and the GPD, all under the supervision of ranking officers of said department.

50. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, physical injuries, and damage to his reputation and standing within his community.

51. Accordingly, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

52. Defendant THE CITY and the GPD are responsible for the actions of their employees under the doctrine of *Monell* v. *City of New York Department of Social Services*, 436 U.S. 658 (1978).

53. As a result of Defendants' impermissible conduct, Plaintiff was injured and harmed.

54. As a result, Plaintiff seeks compensation in an amount to be determined at trial, and injunctive relief as further detailed below.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF FOURTH AMENDMENT RIGHTS UNDER 42 U.S.C. § 1983 ARISING FROM WARRANTLESS ARREST WITHOUT PROBABLE CAUSE
### (Against the Defendant GPD OFFICERS)

55. All preceding and subsequent paragraphs are incorporated by reference.

56. STEVE and MONTESANTO handcuffed and arrested Plaintiff.

57. This arrest was made in the absence of a warrant for the arrest.

58. This arrest was made in the absence of probable cause for this arrest.

59. The Defendant Police Officers arrested Plaintiff without having exigent circumstances for doing so.

60. There was no other authority for the arrest of Plaintiff.

61. The Plaintiff was conscious of this arrest.

62. The Plaintiff did not consent to this arrest.

63. As a result, Plaintiff was damaged, harmed and injured, and seeks compensation in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF FOURTH AMENDMENT RIGHTS UNDER 42 U.S.C. § 1983 ARISING FROM WARRANTLESS ARREST WITHOUT PROBABLE CAUSE
### (Against the Defendant GPD OFFICERS)

64. All preceding and subsequent paragraphs are incorporated by reference.

65. Defendants, acting individually and in concert, initiated the prosecution of Plaintiff, despite knowing that probable cause did not exist to arrest and prosecute her for any crime.

66. False and fabricated evidence was given by the GPD officers to the District Attorney's Office.

67. The GPD officers knew or were deliberately and recklessly indifferent to the truth that probable cause did not exist to arrest and prosecute Plaintiff.

68. There was actual malice and an absence of probable cause for the criminal proceeding against Plaintiff and for each of the charges for which she was prosecuted.

69. Upon information and belief, the criminal prosecution concluded without a conviction.

70. As a direct and proximate result of the GPD officers' actions, Plaintiff was wrongly prosecuted and suffered other grievous and continuing injuries and damages.

71. Defendants' actions were willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

72. As a result, Plaintiff was damaged, injured and harmed, and seeks compensation in an amount to be determined at trial

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF PLAINTIFF'S FOURTH AMENDMEMNT RIGHTS UNDER 42 U.S.C. § 1983 ARISING FROM DEFENDANTS' USE OF EXCESSIVE FORCE
### (Against STEVE and MONTESANTO)

73. All preceding and subsequent paragraphs are incorporated by reference.

74. Defendant STEVE used excessive force against Ms. Leach during her arrest at her home.

75. Defendant MONTESANTO used excessive force against Ms. Leach when he choked her at the police station.

76. At no point during the incidents described herein did the circumstances necessitate or support the above applications of force utilized by STEVE or MONTESANTO against Plaintiff.

77. As a result, Plaintiff was damaged, harmed and injured, and seeks compensation in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. §1983 ARISING FROM DEFENDANTS' FAILURE TO INTERVENE
**(Against the Defendant GPD OFFICERS)**

78. All preceding and subsequent paragraphs are incorporated by reference.

79. Defendant GPD OFFICERS had an affirmative duty to intercede on Plaintiff's behalf to prevent and stop the violation of her constitutional rights.

80. Defendant GPD OFFICERS failed to intervene on Plaintiff's behalf despite having had realistic opportunities to do so, and despite having substantially contributed to the circumstances within which Plaintiff's rights were violated by their affirmative conduct.

81. As a result of the aforementioned conduct of the Defendant GPD OFFICERS, Plaintiff's constitutional rights were violated.

82. As a result, Plaintiff was damaged, injured and harmed, and seeks compensation in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
### DENIAL OF THE RIGHT TO A FAIR TRIAL
**(Against the Defendant GPD OFFICERS)**

83. All preceding and subsequent paragraphs are incorporated by reference.

84. By deliberately manufacturing false evidence against Ms. Leach, including police reports containing the Defendant Police Officers' own fabricated and falsified accounts that Ms. Leach had committed crimes and/or offenses, including the false claim that she had assaulted MONTESANTO, and forwarding that fabricated evidence to prosecutors, the Defendant Police Officers caused Plaintiff to be arrested, detained, charged, and prosecuted, in violation of Plaintiff's rights, pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, to due process of law and to a fair trial, and are liable to Plaintiff under 42 U.S.C. § 1983, for compensatory and punitive damages.

320. Accordingly, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

### SEVENTH CLAIM FOR RELIEF
### MUNICIPAL AND SUPERVISORY LIABLITY
*Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiffs' First, Fourth and Fourteenth Amendment Rights*
**(Against the City, TRICKLER and PASSALACQUA)**

85. All preceding and subsequent paragraphs are incorporated by reference.

86. All of the wrongful acts or omissions complained of herein against Plaintiff and other protesters were carried out by the individually named and unnamed GPD officers pursuant to: (a) formal policies, rules, and procedures of Defendant CITY; (b) actions and decisions by Defendant CITY's policymaking agents; (c) customs, practices, and usage of the GPD that are so widespread and pervasive as to constitute *de facto* policies accepted, encouraged, condoned, ratified, sanctioned, and/or enforced by CITY policymaking officials; (d) Defendant CITY's deliberate indifference to Plaintiffs' rights secured by the First, Fourth, and Fourteenth Amendments of the United States Constitution, as evidenced by the CITY's failures, and the failures of the other policymaking agents, to train, supervise, and discipline GPD officers, despite full knowledge of the their wrongful acts against Plaintiff and other protesters, as described herein.

87. TRICKLER failed to supervise and discipline MONTESANTO and the other individual defendants in response to prior incidents of misconduct.

88. PASSALACQUA failed to supervise and discipline MONTESANTO and the other individual defendants in response to prior incidents of misconduct.

89. The violation of her Plaintiff's rights was directly and proximately caused by TRICKLER and PASSALACQUA's failure to supervise and discipline MONTESANTO and the other individual defendants.

90. As a result of the above constitutionally impermissible conduct, Plaintiff suffered violations of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, and physical injury.

91. Accordingly, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

**WHEREFORE and in light of the foregoing**, Plaintiff respectfully requests that the Court assume jurisdiction and:

[a] Award appropriate compensatory and punitive damages.

[b] Award appropriate declaratory and injunctive relief, including appointing a federal monitor to oversee necessary reforms of the Defendant CITY's process for investigating incidents where GPD Officers use force, and implementing measures to ensure that officers who use force without justification are disciplined.

[c] Empanel a jury.

[d] Award attorney's fees and costs.

[e] Award such other and further relief as the Court deems to be in the interest of justice.

Dated: New York, New York  
      July 22, 2022

Respectfully Submitted,

ROTH & ROTH, LLP.  
EASTON THOMPSON KASPEREK SHIFFRIN LLP

~//s//~

Elliot Dolby Shields  
Co-counsel for Plaintiffs  
192 Lexington Avenue, Suite 802  
New York, New York 10024  
(212) 425-1020

                      Donald Thompson
                      Co-counsel for Plaintiffs
                      16 West Main Street, Suite 243
                      Rochester, New York 14614
                      Ph: (585) 423-8290